UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HABCHI, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-10259-RWZ |
| | ) | |
| CITI BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO COMPLAINT**

Pursuant to Fed. R. Civ. P. 8 and 12, defendant Citibank, N.A. ("CitiBank"), erroneously named "Citi Bank" in the caption and body of the Complaint filed by plaintiff Habchi, Inc. ("Plaintiff" or "Habchi"), hereby answers in numbered paragraphs corresponding to those of the Complaint as follows:

1.     Citibank lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 1.

2.     Citibank denies that an entity known as "Citi Bank" is a corporation having offices and conducting business in the Commonwealth of Massachusetts, but admits that Citibank, N.A. is a bank organized under the laws of the United States that conducts business in the Commonwealth of Massachusetts.  Further answering, Citibank denies the remaining factual allegations contained in paragraph 2.

3.     Citibank lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 3.

4. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 4.

5. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 5.

6. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 6.

7. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 7.

8. Citibank denies the factual allegations contained in paragraph 8.

9. Citibank admits that subsequent to November 1981 it closed certain banking operations in the country of Lebanon, which were reopened in Beirut, Lebanon in March 1996 and remain open. Further answering, Citibank denies the remaining factual allegations contained in paragraph 9.

10. Citibank denies the factual allegations contained in paragraph 10.

11. Citibank denies the factual allegations contained in paragraph 11.

12. Citibank admits the factual allegations contained in paragraph 12.

13. Citibank admits that representatives of Mr. Chehade D. Habchi have inquired about allegedly missing funds from a deposit into his account in November 1981. Further answering, Citibank denies the remaining factual allegations contained in paragraph 13.

14. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 14.

## COUNT I
**Breach of Contract**

15. Citibank realleges and incorporates by reference its responses to paragraphs 1 through 14 as if set forth in full herein.

16. Citibank denies the allegations contained in paragraph 16.

## COUNT II
### Monies Due on Account

17. Citibank realleges and incorporates by reference its responses to paragraphs 1 through 16 as if set forth in full herein.

18. Citibank denies the allegations contained in paragraph 18.

## COUNT III
### Monies Had and Received

19. Citibank realleges and incorporates by reference its responses to paragraphs 1 through 18 as if set forth in full herein.

20. Citibank denies the allegations contained in paragraph 20.

## COUNT IV
### Fraud

21. Citibank realleges and incorporates by reference its responses to paragraphs 1 through 20 as if set forth in full herein.

22. Citibank denies the allegations contained in paragraph 22.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

The Complaint and each count within it fail to state a claim upon which relief can be granted.

#### SECOND AFFIMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to maintain this action against Citibank.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has suffered no damages as the result of Citibank's conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by its own acts or omissions, or by acts or omissions of third parties for whose conduct Citibank is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim of fraud with sufficient particularity as required by Rule 9(b) of the Massachusetts and Federal Rules of Civil Procedure.

### NINTH AFFIRMATIVE DEFENSE

The Complaint was not filed by the real party-in-interest as required by Rule 17(a) of the Massachusetts and Federal Rules of Civil Procedure.

### TENTH AFFIRMATIVE DEFENSE

The Complaint fails to name as a defendant the real party-in-interest as required by Rule 17(a) of the Massachusetts and Federal Rules of Civil Procedure.

ELEVENTH AFFIRMATIVE DEFENSE

Citibank is entitled to an award of attorneys' fees, costs, expenses and interest pursuant to M.G.L. c. 231, § 6F because Plaintiff's claims are insubstantial, frivolous or made in bad faith.

**PRAYER FOR RELIEF**

WHEREFORE, defendant Citibank, N.A., erroneously named "Citi Bank," respectfully requests that this Court:

A.   Dismiss the Complaint with prejudice and enter final judgment in Citibank's favor and against the Plaintiff;

B.   Award Citibank its attorneys' fees and costs incurred in defending this action; and

C.   Award Citibank such other relief as the Court deems just and proper.

CITIBANK, N.A.,
By its Attorneys,

*/s/ J. Patrick Kennedy*
Donn A. Randall, BBO #631590
J. Patrick Kennedy, BBO #565778
Bulkley, Richardson and Gelinas, LLP
One Post Office Square, Suite 3700
Boston, MA  02109
(617) 368-2500

Dated: February 16, 2005

**CERTIFICATE OF SERVICE**

I, J. Patrick Kennedy, hereby certify that a true copy of the above document was served upon the attorney of record for each other party via the Court's CM/ECF system, or will be served by first class mail, postage prepaid on February 16, 2005.

*/s/ J. Patrick Kennedy*
J. Patrick Kennedy

289722.1