UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HABCHI, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-10259-RWZ |
| CITI BANK, | ) |
| Defendant. | ) |

**RESPONSE OF DEFENDANT
CITIBANK, N.A. TO MOTION TO WITHDRAW**

Defendant Citibank, N.A. ("Citibank"), erroneously named "Citi Bank," hereby responds to the Motion to Withdraw (the "Motion") filed by counsel for plaintiff Habchi, Inc. Citibank has no objection to the relief requested in the Motion. Citibank notes that counsel for the plaintiff filed the Motion several days after the May 16, 2005 deadline set forth in the Court's March 22, 2005 Scheduling Order for the plaintiff to "notify the [C]ourt and [Citibank] . . . whether it intends to go forward with this law suit." The plaintiff did not comply with that deadline. In light of the continued uncertainty as to whether this case will go forward, Citibank suggests that the Court stay the deadlines set forth in the Scheduling Order until such time that the Motion is resolved, and the plaintiff complies with its obligation to inform the Court and Citibank whether it intends to proceed with the case.

Citibank further notes that the plaintiff is a corporation, not a natural person, and thus must have counsel admitted to the bar of this Court appear on its behalf in order to have this case proceed. See In re Las Colinas Dev. Corp., 585 F.2d 7, 12 (1st Cir. 1978); Varney Enterprises, Inc. v. WMF, Inc., 402 Mass. 79, 80-82 (1988). If the Court is inclined to grant the Motion and

- 2 -

allow the plaintiff's counsel to withdraw, Citibank suggests that the Court allow a reasonable period of time, perhaps thirty (30) days following the entry of an Order allowing the Motion, for the plaintiff to find a successor counsel who will enter an appearance on its behalf.  If no successor counsel enters an appearance within that time period, Citibank requests that the Court dismiss this action with prejudice.  If successor counsel enters an appearance and informs the Court and Citibank that the plaintiff intends to go forward with the case, then the Scheduling Order should be amended to allow Citibank sufficient time to prepare and file a motion for summary judgment as originally anticipated by the March 22, 2005 Scheduling Order.

                CITIBANK, N.A.,
                By its Attorneys,


                    /s/ J. Patrick Kennedy
                Donn A. Randall, BBO# 631590
                J. Patrick Kennedy, BBO# 565778
                Bulkley, Richardson and Gelinas, LLP
                One Post Office Square, Suite 3700
                Boston, MA  02109
                (617) 368-2500

Dated:  May 25, 2005

298682.1