UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HABCHI, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-10259-RWZ |
| CITI BANK, | ) |
| Defendant. | ) |

**MOTION OF DEFENDANT CITIBANK, N.A. TO CLARIFY THE
COURT'S JUNE 30, 2005 ENDORSEMENT ORDER AND TO DISMISS
FOR FAILURE TO HAVE COUNSEL ENTER AN APPEARANCE**

Defendant Citibank, N.A. ("Citibank"), erroneously named "Citi Bank," hereby moves the Court to (1) clarify its June 30, 2005 electronic Order and Endorsement requiring the plaintiff to file an opposition to the pending summary judgment motion by July 8, 2005; and (2) dismiss this case if the plaintiff, Habchi, Inc. ("Habchi"), does not have counsel enter an appearance on its behalf by July 8, 2005 because, as a corporation, it cannot proceed pro se. In support of its Motion, Citibank states as follows:

1.      On or about February 9, 2005, Citibank removed this case to this Court from the Plymouth Superior Court. At that time, Habchi, a corporation, was represented by counsel.

2.      Following the Rule 16.1 Conference, the Court entered its Scheduling Order dated March 22, 2005. The first deadline in the Scheduling Order required Habchi to "notify the court and defendant by May 16, 2005 whether it intends to go forward with this law suit." The other deadlines set forth in the Scheduling Order were dependent upon Habchi notifying the Court that it intended to pursue the case.

3.      Habchi did not comply with the May 16, 2005 deadline to notify the Court as to whether it intended to proceed.  Instead, on or about May 23, 2005, Habchi's counsel filed his Motion to Withdraw.

4.      On June 3, 2005, this Court entered an electronic Order granting the Motion to Withdraw.  In its endorsement Order, the Court stated that "[s]uccessor counsel shall enter his/her appearance no later than July 8, 2005.  If no counsel has appeared by that date, the complaint will be dismissed for lack of prosecution."

5.      On June 9, 2005, Citibank filed a Motion to Stay or Extend the Summary Judgment Deadlines Set Forth in the March 22, 2005 Scheduling Order (the "Motion to Stay") because it was unclear whether the other deadlines, including the deadline for Citibank to file a summary judgment motion, were still operative in light of the uncertainty as to whether the case would go forward.

6.      On June 13, 2005, this Court entered an electronic Order granting the Motion to Stay, and stating that the "summary judgment deadlines previously set are stayed until [July 8, 2005] or the appearance of plaintiff's counsel, whichever occurs first."

7.      On or about June 21, 2005, Mr. Chehade Dib Habchi ("Mr. Habchi") filed a Notice of Appearance and intention to proceed pro se on behalf of Habchi, along with a request for a hearing.

8.      On June 30, 2005, this Court entered an electronic endorsement Order stating that "[p]laintiff shall file his opposition to the pending motion for summary judgment by July 8, 2005.  The court will decide the matter on the papers without argument."

9.      Citibank moves for clarification of the June 30, 2005 endorsement Order because it has not filed a summary judgment motion in light of the pending stay, and requests that this

Court dismiss the case if counsel fails to enter an appearance for Habchi by July 8, 2005. The Order granting Citibank's Motion to Stay was clear that the Scheduling Order deadlines were stayed until July 8, 2005, the existing deadline for Habchi to obtain successor counsel, or the earlier date of entry of such counsel's appearance. However, no licensed attorney has yet appeared for Habchi, which is a corporation.

10. Rather, Mr. Habchi filed a Notice of Appearance and apparently intends to represent the interests of the plaintiff and proceed with the case pro se. The plaintiff Habchi is a corporation, not a natural person, and thus must have counsel admitted to the bar of this Court appear on its behalf in order to have this case proceed. See In re Las Colinas Dev. Corp., 585 F.2d 7, 12-13 (1st Cir. 1978); Varney Enterprises, Inc. v. WMF, Inc., 402 Mass. 79, 80-82 (1988).

11. In Las Colinas, the U.S Court of Appeals for the First Circuit held that corporations must be represented by a licensed attorney in federal court proceedings. 585 F.2d at 12-13. The same rule applies in the state courts of Massachusetts, where this case was originally filed. Varney, 402 Mass. at 80-82. The Varney court stated that, "[t]here is no injustice in allowing natural persons to appear pro se, while requiring persons who accept the advantages of incorporation to bear the burden of hiring counsel to sue or defend in court. . . . A person appearing pro se does not represent another, as does a person appearing for a corporation." Id. at 82 (citation omitted).

12. The plaintiff Habchi is a corporation that, pursuant to clear and binding precedent, must have counsel enter an appearance on its behalf in order to prosecute this action. It has not yet obtained such counsel. This Court should clarify its June 30, 2005 endorsement Order to require Habchi to have counsel enter an appearance on its behalf by July 8, 2005, per its prior

- 4 -

Order.  If no such counsel appears for Habchi by July 8, 2005, this Court should dismiss this case with prejudice for failure to prosecute.

WHEREFORE, defendant Citibank, N.A. respectfully requests that this Court clarify its June 30, 2005 endorsement Order to require Habchi to have counsel enter an appearance on its behalf by July 8, 2005, and to dismiss this action if no such counsel appears for Habchi by that date.

          CITIBANK, N.A.,
          By its Attorneys,

          /s/ J. Patrick Kennedy
          Donn A. Randall, BBO# 631590
          J. Patrick Kennedy, BBO# 565778
          Bulkley, Richardson and Gelinas, LLP
          One Post Office Square, Suite 3700
          Boston, MA  02109
          (617) 368-2500

Dated:  July 5, 2005

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I, J. Patrick Kennedy, hereby certify that I was unable to confer with the plaintiff regarding the relief requested in this motion because the representative for the plaintiff, Mr. Chehade Dib Habchi, did not return a phone message that I left for him before the filing of this motion.

          /s/ J. Patrick Kennedy
          J. Patrick Kennedy

302414.1