CHEHADE DIB HABCHI

Dear Mr. Chahadi Habshi,

Case No. 05-10239-RWZ

About the case of Mr. chahadi habshi against the city bank.

1. The first bank request about an error in the bank account was in 2/8/1988 by writing summoned has been sent by the post, and this is mentioned in the *first judgment*.

2. When the city bank refused to exhibit any document about the requested amount, then Mr. habshi filed a complaint before the public prosecution (the attorney general) in appeal of mount Lebanon against the manager of the city bank in Lebanon Mr. Antoine Boustani written under number 1270 on 07/03/1991.

3. On Mr. Habshi demand the court assigned an expert who must reveal the account of the bank responded to the expert that they do not have an account in such name, and that is written in the first judgment.

4. The first judgment which ruled to condemn the city bank to pay an amount of twenty thousand us dollars which is left from the whole wire-transfer which is one hundred ten thousand us dollars to Mr. habshi plus legal interest as from 2/08/19888 up effective payment.

5. The appeal rule judged that the first judgment should be broken with saving the right to Mr. Habshi to demand the whole amount as it is been transferred in the Lebanese currency with the note that the bank provided certified receipt in which Mr. habshi demand transferring the amount of twenty thousand dollars into the Lebanese currency at that date.

6. Then a judgment was issued by the distinction court judged upon the resumption belief. As the distinction court has the authority to watch over the resumption court. And therefore the distinction court saved the right of Mr. Habshi by demanding the amount of money in Lebanese currency.

7. The city bank could not filed any proof that Mr. Habshi collected an amount of twenty thousand us dollars, and if we agreed that Mr. Habshi had transferred the mentioned amount into Lebanese pounds, but the city bank could not filed any proof that Mr. Habshi collected the amount after transferring it into Lebanese pounds which is the amount about the subject in the case in this time still with the City bank. And this gave the resumption court a reason to save Mr. Habshi right of asking about the amount in Lebanese pounds

8. It's hard to prove that Mr. habshi has received a certain amount which is the city bank responsibility, and the bank did not give proof that shows that Mr. Habshi has withdrawn certain amount which may be still have it and the bank must pay it.

9. *Conclusion:* The first judgment condemn the City bank to pay amount of twenty thousand us dollars to Mr. Habshi, and the resumption court and which the distinction court belief it, *saved the right of Mr. Habshi in the amount of Lebanese pounds that the judgment shows that the money belongs to Mr. Habshi either in us dollars or in Lebanese pounds.*

With all respect and reserve
Signed
Attorney at law
Jean AL Akoury

<div dir="rtl">

جان عقل العاقوري

محام بالاستئناف

حضرة السيد شحاده حبشي المحترم

بخصوص دعوى شحاده حبشي على مصرف السيتي بنك

١ _ أون مطالبة للمصرف بوجود خطأ في الحساب كانت بتاريخ ١٩٨٨/٨/٢ بموجب انذار خطي مرسل بواسطة البريد وهذا مذكور في الحكم الابتدائي .

٢ _ بعد أن تمنع السيتي بنك من تقديم أي مستند بخصوص المبلغ المطالب به تقدم السيد حبشي بشكوى أمام النيابة العامة ضد مدير مصرف السيتي بنك في لبنان السيد بطرس بستاني سجلت تحت رقم ١٢٧٠ تاريخ ١٩٩١/٣/٧

٣ _ بناءاً لطلب السيد حبشي عينت المحكمة خبيرا" مهمته للكشف على حساب السيد حبشي وقد جاء الجواب من المصرف الى الخبير بأنه لا يوجد عندنا حساب بأسم السيد حبشي وهذا مذكور في الحكم الابتدائي .

٤ _ صدر الحكم الابتدائي وقضى بالزام مصرف السيتي بنك بدفع مبلغ ال ٢٠٠٠٠ $ عشرين الف دولار الباقية من قيمة الحوالة المصرفية البالغة قيمتها ١١٠٠٠ $ مية وعشرة الاف دولار للسيد شحاده حبشي مع الفائدة القانونية من تاريخ الانذار أي من سنة ١٩٨٨ .

٥ _ صدر الحكم الاستئنافي وقضى بفسخ الحكم الابتدائي مع حفظ حق السيد حبشي بالمطالبة بالمبلغ على اساس انه محول الى العملة اللبنانية كون المصرف قدم مستند مصرفي موقع من السيد حبشي يطلب تحويل مبلغ العشرين الف دولار الى العملة اللبنانية بتاريخه .

٦ _ بعدها صدر حكم عن محكمة التمييز قضى بتصديق الحكم الاستئنافي علما" ان محكمة التمييز هي محكمة رقابية أي تراقب أعمال محكمة الاستئناف من ناحية تطبيق القانون، وبتصديق الحكم الاستئنافي أي حفظ حق السيد حبشي بالمطالبة بالمبلغ موضوع الدعوى بالعملة اللبنانية .

٧ _ أن مصرف السيتي بنك لم يتمكن من تقديم أي اثبات يبين أن السيد حبشي قد قبض مبلغ العشرين الف دولار وانا سلمنا بأن السيد حبشي قد حول المبلغ المذكور الى العملة اللبنانية لم يقدم السيتي بنك أي اثبات على أن السيد حبشي قد قبض المبلغ بعد تحويله الى العملة اللبنانية أي أن المبلغ موضوع الدعوى ما يزال بحوزة السيتي بنك حتى الان وهذا ما دفع الحكم الاستئنافي الى حفظ حق السيد حبشي بالمطالبة بالمبلغ بالعملة اللبنانية .

٨ _ أن عبىء الاثبات بأن السيد حبشي قد قبض المبلغ يقع على عاتق السيتي بنك وكون السيتي بنك لم يقدم اثباتا" يفيد أن المبلغ موضوع الدعوى قد سحب من قبل السيد حبشي يكون المبلغ ما يزال بحوزته ويقتضي الزامه بدفعه .

٩ _ الخلاصة أن الحكم الابتدائي الزم السيتي بنك بدفع مبلغ ٢٠٠٠٠ $ عشرين الف دولار للسيد حبشي والحكم الاستئنافي المصدق من قبل محكمة التمييز المدنية حفظ حق السيد حبشي بالمبلغ بالمطالبة به بالعملة اللبنانية اذا" يتضح من الاحكام كافة بأن للسيد حبشي حق لدى السيتي بنك أن كان بالدولار او بالعملة اللبنانية .

هذا ما اقتضى توضيحه

بكل تحفظ
المحامي جان العاقوري

</div>