July 15, 2005

United States District Court
Distrist of Massachuttes Boston
Civil Action No. 05- 10259 - RWZ

Dear: Joy Johnson, Lisa and Rya

   I am writing this letter to telling you what is the reason that the City Bank drove me to use a lawyer to check my account.

   To begin with, in 1988, I went to the City Bank in Jal El Dib (Lebanon) to ask Mr. Antoin Bustani, who was the president of the City Bank at that time, about my account. His first answer was, that he had a power and he knew a lot of politions and members in a milichias, to scare me and to let me stop asking about my money. At this time, The City Bank drove me to use a lawyer to see what happened to my money. The City Bank's lawyer Bahij Tabara after the first decision, he became the minister of justice and he is a member in the parliament right now, than The City Bank put another lawyer Mr. Mougarzil, who was a member in the Lebanese parlament also. In 2002, I came to Boston, I called the City Bank in New York to ask them about my account and every time, they told me that they will give me an answer after two weeks. In April 22 02, I went to the City Bank in New York with my American cousin Edward Hebshie to see what is going on in my account because the City Bank in Lebanon, which is licensed according to the laws of New York City, in the last dicision in the Lebanese Court allowed me to ask what happened in my money. When I was in the Bank a women came to me and told me if you need your money you have to use a lawyer. After that, I put a lawyer Mr.Walter W. jobs to see what is going on in my case and the reason that I put my money in the City Bank because I trust in the American Banks in all of the words. At this moment, when the Federal Goverment sent a letter, expired in 20 days to the City Bank asking him about my case and if there is no answer in these 20 days, it means they are guilty, after that the City Bank answer righ away.

   Finally, it is fair if anyone need to check his account, he use to have a lawyer. This is my problem with the City Bank since 1988.

Sincerly,

CHEHADE DIB HABCHI
Chehade habchi

# Walter W. Jabs, Jr.
### Attorney at Law

May 5, 2005

Patrick Kennedy
B R & G
One Post Office Square
Suite 3700
Boston, MA  02109

Re:  Habchi, Inc. v. CitiBank
     Civil Action No. 05-10259-RWZ (D. Mass)

Dear Attorney Kennedy:

Enclosed is a letter received from my client's attorney in Lebanon, Jean Al Akoury.  I have enclosed the Arabic copy and the English translation.  Mr. Akoury in his letter makes it clear, in his legal opinion, that the third judgment issued by the Court of Distinction, affirmed the second judgment of the Appeal's Court, granting my client the right to request the $20,000.00 in Lebanese currency as of the date he requested the money (paragraph 5 of the letter).

Attached are also the relevant sections of the Appeals Court Decision that he cited in his letter.  I have circled the relevant section both in Arabic and in English.  Mr. Akoury's conclusion in paragraph 8 is that saving the right of Mr. Habchi to the money in Lebanese pounds the court affirmed that the money belongs to Mr. Habchi.

Please review this information and call me to discuss it.

Sincerely,

Walter W. Jabs, Jr.

WWJ/al

cc  Chehade Habchi

530 Boston Post Road, Suite E-1 Marlboro, Massachusetts 01752
Tel (508) 229-0909    Fax (508) 562-9957

CHEHADE DIB HABCHI

Dear Mr. Chahadi Habshi,

About the case of Mr. chahadi habshi against the city bank.

1. The first bank request about an error in the bank account was in 2/8/1988 by writing summoned has been sent by the post, and this is mentioned in the first judgment.

2. When the city bank refused to exhibit any document about the requested amount, then Mr. habshi filed a complaint before the public prosecution (the attorney general) in appeal of mount Lebanon against the manager of the city bank in Lebanon Mr. Antoine Bourstani written under number 1270 on 07/03/1991.

3. On Mr. Habshi demand the court assigned an expert who must reveal the account of the bank responded to the expert that they do not have an account in such name, and that is written in the first judgment.

4. The first judgment which ruled to condemn the city bank to pay an amount of twenty thousand us dollars which is left from the whole wire transfer which is one hundred ten thousand us dollars to Mr. habshi plus legal interest as from 2/08/1988 up effective payment.

5. The appeal rule judged that the first judgment should be broken with saving the right to Mr. Habshi to demand the whole amount as it is been transferred in the Lebanese currency with the note that the bank provided certified receipt in which Mr. habshi demand transferring the amount of twenty thousand dollars into the Lebanese currency at that date.

6. Then a judgment was issued by the distinction court judged upon the resumption belief. As the distinction court has the authority to watch over the resumption court. And therefore the distinction court saved the right of Mr. Habshi by demanding the amount of money in Lebanese currency.

7. The city bank could not filled any proof that Mr. Habshi collected an amount of twenty thousand us dollars, and if we agreed that Mr. Habshi had transferred the mentioned amount into Lebanese pounds, but the city bank could not filed any proof that Mr. Habshi collected the amount after transferring it into Lebanese pounds which is the amount about the subject in the case in this time still with the City bank. And this gave the resumption court a reason to save Mr. Habshi right of asking about the amount in Lebanese pounds

8. It's hard to prove that Mr. habshi has received a certain amount which is the city bank responsibility, and the bank did not give proof that shows that Mr. Habshi has withdrawn certain amount which may be still have it and the bank must pay it.

9. Conclusion: The first judgment condemn the City bank to pay amount of twenty thousand us dollars to Mr. Habshi, and the resumption court and which the distinction court belief it, saved the right of Mr. Habshi in the amount of Lebanese pounds that the judgment shows that the money belongs to Mr. Habshi either in us dollars or in Lebanese pounds.

With all respect and reserve
Signed
Attorney at law
Jean AL Akoury

جان عقل الماقوري
عام بالاستئناف

حضرة السيد شحاده حبشي المحترم

بخصوص دعوى شحاده حبشي على مصرف السيتي بنك

١_ لأن مطالبة للمصرف بوجود خطأ في الحساب كانت بتاريخ ١٩٨٨/٨/٢ بموجب انذار خطي مرسل بواسطة البريد وهذا مذكور في الحكم الابتدائي.

٢_ بعد ان تمنع السيتي بنك من تقديم أي مستند بخصوص المبلغ المطالب به تقدم السيد حبشي بشكوى امام النيابة العامة ضد مدير مصرف السيتي بنك في لبنان السيد بطرس بستاني سجلت تحت رقم ١٢٧٠ تاريخ ١٩٩١/٣/٧.

٣_ بناء" لطلب السيد حبشي عينت المحكمة خبيرا" مهمته للكشف على حساب للسيد حبشي وقد جاء الجواب من المصرف على الخبير بانه لا يوجد عندنا حساب باسم السيد حبشي وهذا مذكور في الحكم الابتدائي.

٤_ صدر الحكم الابتدائي وقضى يلزم مصرف السيتي بنك يدفع مبلغ ال ٢٠٠٠٠ $ عشرين الف دولار الباقية من قيمة الحوالة المصرفية البالغة قيمتها ١١٠٠٠ $ احدى عشرة وعشرون الف دولار للسيد شحاده حبشي مع الفائدة القانونية من تاريخ الانذار اي من سنة ١٩٨٨.

٥_ صدر الحكم الاستئنافي وقضى بفسخ الحكم الابتدائي مع حفظ حق السيد حبشي بالمطالبة بالمبلغ على اساس انه محول الى العملة اللبنانية كون المصرف قدم مستند مصرفي موقع من السيد حبشي يطالب بتحويل مبلغ العشرين الف دولار الى العملة اللبنانية بتاريخه.

٦_ بعدها صدر حكم عن محكمة التمييز قضى بتصديق الحكم الاستئنافي علما" ان محكمة التمييز هي محكمة رقابية اي تراقب اعمال محكمة الاستئناف من ناحية تطبيق القانون، وبتصديق الحكم الاستئنافي اي حفظ حق السيد حبشي بالمطالبة بالمبلغ موضوع الدعوى بالعملة اللبنانية.

٧_ ان مصرف السيتي بنك لم يتمكن من تقديم أي اثبات يبين ان السيد حبشي قد قبض مبلغ العشرين الف دولار وربما سلطنا بأن السيد حبشي قد حول المبلغ المذكور الى العملة اللبنانية لم يقم السيتي بنك باي اثبات على ان السيد حبشي قد قبض المبلغ بعد تحويله الى العملة اللبنانية اي ان المبلغ موضوع الدعوى ما يزال بحوزة السيتي بنك حتى الان وهذا ما دفع الحكم الاستئنافي الى حفظ حق السيد حبشي بالمطالبة بالمبلغ بالعملة اللبنانية.

٨_ ان عبء الاثبات بأن السيد حبشي قد قبض المبلغ يقع على عاتق السيتي بنك وكون السيتي بنك لم يقدم اثباتا" يفيد ان المبلغ موضوع الدعوى قد سحب من قبل السيد حبشي اكون المبلغ ما يزال بحوزته ويقتضي لزامه بدفعه.

٩_ الخلاصة ان الحكم الابتدائي الزم السيتي بنك بدفع مبلغ ٢٠٠٠٠ $ عشرين الف دولار للسيد حبشي والحكم الاستئنافي المصدق من قبل محكمة التمييز المدنية حفظ حق للسيد حبشي بالمبلغ شرط المطالبة به بالعملة اللبنانية اذا" يتضح من الاحكام كافة بأن للسيد حبشي حق لدى السيتي بنك ان كان بالدولار أو بالعملة اللبنانية.

هذا ما اقتضى توضيحه

بكل تحفظ
للمحامي جان الماقوري

| Marginalia | And as settlement of the amount of the transfer the subject of the lawsuit in the aforementioned form is definite, since the document exhibited by the Appellee for his part, confirming that he collected the amount of US $ 90,000 and the remaining amount was deposited in his account after its conversion into Lebanese currency, divided between two accounts, one current and the other savings, is in conformity with the two documents exhibited by the Appellant Bank, both of which confirm entry of the remaining amount in the two aforesaid accounts, one in the amount of LL 60,000 and the other in the amount of LL 21,000, with these documents carrying the same date and thus confirming the close connection between the accounts shown in all of them and demonstrating that they derive from an original sum, which is the selfsame transfer of US $ 110,000. |
|---|---|
| | And as the proof presented by the Bank is sufficient in all cases whatsoever, in view of the lapse of more than ten years on settlement of the process of the transfer the subject of this lawsuit, especially as banks are not obligated to retain such documents after lapse of this time duration, |
| 7 deleted words [signature of Chief Magistrate] | And as regarding the amounts recorded in Lebanese currency in favor of the Appellee, his right to file a claim of his own is retained to demand them when necessary xxx xxx xxx xxx xxx xxx xxx, |
| | And as the Appellee's demand of the Appellant Bank for the amount of US $ 20,000, alleging that this latter shortchanged him of it, when he was fully aware that this sum was converted in his favor by the Bank, and with his approval, into Lebanese currency, in two accounts, one current and the other savings, was made by him with flagrant bad intent, requiring that he be obligated to pay the amount of five million Lebanese Liras in damages and be charged a fine of four hundred thousand Lebanese Liras, |
| | And as the ruling appealed should be terminated, as well as all other demands and reasons that are additional or to the contrary, |
| | Accordingly, |
| | It is decided by agreement: |

- 7 -

.../7

هدى أنطوان السمرا
Hoda Antoine Samra
Traducteur Expert Assermenté
Sworn Expert Translator

| | هامش |
|---|---|

المصرف المستأنف والدفعة أنكرا شجل المبلغ المتبقي من
المبالغ المشار إليها، أدعت بقية .../... وأول والثاني دفعه
/... أي/ إن يكن جاءت تلك المستندات ببعضها الثابت ما
يؤكد الصلة الوثيقة بين الحسابات الواردة فيها وكأنه يثبت
أنه سحبت من مبلغ أهلي صرفتنه مبلغ التحويل بقيمة /...11/دولار

وبما أن الإثباتات المعروضة من قبل المصرف كانت قد طلعت
الأهمال وذلك في ظل انقضاء اثني عشر سنوات على عاتق
المحتفظ عليه الحوالة موضوع هذه الدعوى لاسيما وأن المصارف
ليست ... ملزمة بالاحتفاظ على تلك المستندات بعد انقضاء
تلك المهلة الزمنية .

وبما أنه بشأن المبالغ المعنية بالعملة اللبنانية لصالح المستأنف عليه
ينتضي جمع جهة بإقامة دعوى على مدى للمطالبة بها عند
الاقتضاء ~~...~~  

| كلمات مشطوبة |
|---|

وبما أن مطالبة المستأنف عليه المصرف المستأنف عليه /.../رل.ل
بإدعاء أن هذا الأمر الأخير أتى عليه حسابيا حين كان على علم تام بأن
هذا المبلغ تم ... تحويله لصالحه من قبل المصرف وموافقته
إلى العملة اللبنانية، ذلك ضمن حسابين أحدهما جاري دائم حساب
توفير ، إنما تم في ... سردية نادمة من قبله شتهب الوالده
بمبلغ خمسة وعشرين ليرة لبنانية عنها بعطل وضرر
... بمبلغ قدره أربعمائة ألف ليرة لبنانية .

وعليه يقتضي نسخ الحكم المستأنف ورد سائر المطالب
والأسباب الزائدة أو المخالفة .

لذلك

تقرر بالإتفاق :
أولاً : قبول الإستئناف شكلاً

## MODERN ENTERPRISES
*Immigration Consultant-Notary Public*

EDWARD ABOUZEID　　　　　　　　　Fax　　(617)323-1654
241 Grove Street　　　　　　　　　　　　Tel　　(617)323-9079
Boston, Massachusetts 02132
U.S.A.

Translation

### Arabic - French - English

Affidavit
---------------

This to certify that a decision took place by the Board of Directors of City Bank of New York, which is licensed according to the laws of New York State, and the session was held on SEPT15,1987
And decided to empower the bank employees to take all the Necessary measures to close all the branches in Lebanon, by sale or Gradual liquidation, and to terminate fully all its business and License.
To confirm the foregoing order, I put my signature on this Affidavit and the seal of the City Bank of : 399 Park Ave .N.Y
Signed : Christopher York .Secretary . Seal

All legal certifications leading to the Lebanese Consulate in New York Record no : 1158 of March 10,1988.

ARABIC

ARABIC

Edward G. Abouzeid　　7/14/05

## افــــادة

اثبت بموجبه بان القرار التالي اتخذ حسب الاصول في جلسة لمجلس ادارة سيتي بنك ن.آ. المرخص له حسب الاصول والقائم حسب قوانين ولاية نيويورك، دعـــي اليها وانعقدت اصولا في اليوم الخامس عشر من ايلول ١٩٨٧، وبان هذا القرار اصبح الان نافذا وساري المفعول وهو لا يخالف ايا من احكام شهادة التسجيـــل او نظام سيتي بنك ن.آ. الاساسي.

<u>تقرر</u> بان يرخص للموظفين المعنيين في سيتي بنك، وهم بموجبه مخولون باتخاذ كل تدبير ضروري او مناسب للتخلي عن جميع الفروع في لبنان اما بالبيع او بالتصفية التدريجية، وبالتالي وقف العمل بالترخيص المعطى لسيتي بنك في هذا البلـــد.

شهادة على ما تقدم، ذيلت توقيعي ووضعت خاتم المؤسسة على هذه الافادة، بتاريـخ اليوم الواقع في السابع من اذار ١٩٨٨.

سيتي بنك ن.آ.

٣٩٩ بارك افنيو — نيويورك

توقيع: كريستوفر يورك

امين السر — سيتي بنك ن.آ.

الخاتم

تلي ذلك كافة التصديقات القانونية المشتهرة بصدري القنصلية اللبنانية العامة في نيويورك
تحت رقم ١١٥٨ بتاريخ ١٠ اذار ١٩٨٨

ترجمة صحيحة مطابقة للاصل
المترجم المحلف ميشا براهيم



TNT EXPRESS WORLDWIDE

TEL : 01-342176 / 01-349379

FAX : 01-602025

BEIRUT - LEBANON

DATE : DEC.10.96

TO WHOM IT MAY CONCERN

WE WOULD LIKE TO IFROM YOU THAT WE HAVE RECEIVE ON 12.11.96 A DOCUMENT FROM MR AKOURI TO THE CITY BANK ON NEWYORK UNDER C/N 384 755 394 LEFT BEY TO NYC ON THE SAME DATE. AND SHPT ALREADTY DELIVERED TO THE BANK ON : 14.NOV.1996  AT : 11:40  SIGNED BY : S.SCHWARTZ.

TNT EXPRESS WORLDWIDE

Beirut on 10.12.96.

شبيفي الشيخ ط ١١/١٢/٩٩ ليسرال

| | | AIRWAYBILL | |
|---|---|---|---|
| **TNT Express Worldwide** | | ORIGIN CODE | 3 8 4 7 5 5 3 9 4 <br> CONSIGNMENT NUMBER |

| SHIPPER ACCOUNT No. <br> A.T.A. | CREDIT CARD / CHEQUE No. | RECEIVERS COMPANY NAME <br> M/S CITY BANK | |
|---|---|---|---|
| SHIPPERS NAME <br> MTE JEAN ACCOURI | | FOR THE ATTENTION OF (NAME / DEPT) <br> N.A. 399 PARK AVE. | |
| STREET ADDRESS <br> BEIRUT LEBANON | | STREET ADDRESS | |
| CITY TEL 381031 | COUNTY / STATE | CITY <br> NEW YORK | COUNTY / STATE <br> N.Y |
| COUNTRY | POST / ZIP CODE | COUNTRY <br> u.s.a. | POST / ZIP CODE <br> 10022 |
| SENT BY (NAME-DEPT) | TELEPHONE | | TELEPHONE No. / TELEX No. |

**IMPORTANT** PLEASE CAREFULLY COMPLETE THE ITEMS AND WEIGHT BOXES BELOW.

"THE SENDERS ATTENTION IS DRAWN TO THE IMPORTANT NOTICE OVERLEAF. SUBJECT TO THE CONDITIONS ENDORSED AND INCORPORATED OVERLEAF PLEASE ACCEPT THE DOCUMENTS OR GOODS DESCRIBED BELOW FOR DELIVERY"

| SHIPPERS SIGNATURE | DATE <br> 12/11/1996 | SHIPPERS REFERENCE | SHIPPER COUNT | ITEMS <br> 1 | KILOS - WEIGHT - GRAMS <br> 0.200 |
|---|---|---|---|---|---|

DESCRIPTION OF CONTENTS (FOR PACKAGE SERVICE ATTACH INVOICE OR PROFORMA INVOICE OR YOUR LETTERHEAD)

T.T.T. URGENT DOCS ( ORIGINAL) CIVILIAN COURT & FOR PRESENTATION AT COURT ON DATE 11/12/1996

| IMPORTANT PLEASE ✓ SERVICE REQUIRED | PREMIUM SERVICES |
|---|---|
| DOCUMENT XX | PLEASE TICK APPROPRIATE BOX FOR PREMIUM SERVICE REQUIRED AND ATTACH THE APPROPRIATE STICKER TO YOUR CONSIGNMENT. <br> XX GUARANTEED ELITE SERVICE (DOCUMENTS ONLY) <br> ☐ PRIORITY SERVICE (ALL PRODUCTS) |
| PACKAGE (NON DOCUMENT) ☐ | $55 |

| VALUE (PACKAGE SERVICE ONLY) | CURRENCY (PACKAGE SERVICE ONLY) |
|---|---|
| RECEIVED BY TNT SKYPAK | DATE | TIME |